UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
James Darcy

                                         Plaintiff,           **MEMORANDUM AND ORDER**
          -against-                                  Case No. 06-2246 (TLM)

The City of New York

                                       Defendant,
---------------------------------------------------------------- X
**TUCKER L. MELANÇON, Senior United States District Judge:**

       Before the Court is defendant City of New York's Motion for Partial Summary Judgment [Rec. Doc. 69], and plaintiff James Darcy's Memorandum in Opposition thereto [Rec. Doc. 72]. The City of New York moves for summary judgment on Darcy's Americans with Disabilities Act "regarded as" claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, defendant's motion will be **GRANTED**.

**I. Factual History**[1]

       Plaintiff was appointed to the NYPD on January 20, 1987. On August 23, 2001, plaintiff was assigned to Queens Narcotics, which plaintiff describes as a "very prestigious assignment." Plaintiff continued to serve in Queens Narcotics from August 2001 until he was transferred, in late 2004, to the NYPD Transit Division, District #11, in the Bronx, where he now serves as a platoon commander. According to plaintiff, the assignment in Transit is less prestigious than Queens Narcotics, and offers him considerably fewer overtime hours than his former position and thus adversely impacts his eventual retirement benefits.

       During plaintiff's tenure at the 112th precinct in Queens, he met Police Officer John Doe. It

---

[1] This abbreviated factual history is drawn from portions of Judge Dearie's Order of March 8, 2011. [Rec. Doc. 42]

1

is undisputed that Doe and plaintiff socialized as friends. The parties' papers occasionally withhold Officer Doe's true name to protect his privacy, but they also discuss openly the fact that Doe is the brother of Three-Star Deputy Chief James Hall and the son of retired Two-Star Chief Francis Hall.

On or about June 3, 2004, plaintiff alleges that Deputy Chief Hall said to plaintiff, "You are a lowly lieutenant and you suffer from the same disease [alcoholism] as my brother." Plaintiff also alleges that Deputy Chief Hall continued to say that he would "ruin" plaintiff if he went near his brother again. Plaintiff reported Deputy Chief Hall's remarks to both Deputy Director John Essig, the Commanding Officer of Queens Narcotics, and Captain Matthew Hyland. In December 2004, plaintiff was transferred to Bronx Transit.

Plaintiff alleges that the City of New York violated the ADA because it regarded him as disabled, he associated with John Doe and Doe's alcoholism, and members of the NYPD retaliated against him after he complained about his December 2004 transfer from Queens Narcotics to Bronx Transit.

**II. Procedural History**

On March 8, 2011, Judge Dearie denied defendant's motion for summary judgment except to the extent of dismissing the NYPD as a non-suable entity. The Court denied defendant's motion for summary judgment as to plaintiff's "regarded as" disability claim on the ground that the ADA Amendments of 2008 "expressly exempts 'regarded as' claimants from having to show that the disability they are perceived as having substantially limits a major life activity." See Decision, at 5-7 [Rec. Doc. 52]. The Court applied the post-amendment statute after noting that the Second Circuit had not yet addressed the question of retroactivity of the amendments. See Decision, at 6 n.2 [Rec. Doc. 52]. In a September 15, 2011 status conference, the Court instructed defendant to file a

second motion for summary judgment with respect to plaintiff's "regarded as" claim addressing the retroactivity of the 2008 Amendment to the Americans with Disabilities Act under current Second Circuit law.

### III. Summary Judgment Standard

Summary judgment is appropriate only when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a determination is to be made "after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the nonmoving party has the burden of proof at trial, the moving party must satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim, and if the moving party succeeds the burden shifts to the non-moving party to show that there is a genuine issue for trial. *Id.* at 322-23.

Once the burden shifts to the non-moving party, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* at 324. The non-moving party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of

material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970).

There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If no issue of fact is presented and if the movant is entitled to judgment as a matter of law, the court is required to render the judgment sought. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322.

## IV. ADA "Regarded As" Standard

To make out a prima facie case under the ADA, an employee must establish "(a) that his Employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer, (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of the disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d. Cir. 2008).

The ADA prohibits discrimination "against a qualified individual on the basis of disability" in the "terms, conditions and privileges of employment," 42 U.S.C. § 12112(a). "Disability is defined as follows:

The term "disability" means, with respect to an individual on the basis of disability:

(A) a physical or mental impairment that substantially limits one or more major life activities;

(B) a record of such impairment; or

4

*(C) being regarded as having such an impairment.*[2]

42 U.S.C. § 12102(1) (emphasis added).

The Court will apply the version of the ADA that was in effect during June 2004 - December 2004, the period during which the actions complained of in this case are alleged to have occurred. *Ragusa v. Malverne Union Free Sch. Dist.*, 381 Fed. Appx. 85, 88 n.2 (2d Cir. 2010) (applying the version of the ADA that was in effect during the time period at issue); *Wega v. Ctr. for Disability Rights, Inc.*, 395 Fed. Appx. 782, 784 n.1 (2d Cir. 2010) (relying on the ADA as it existed at the time of the relevant events); *Fahey v. City of New York.,* 2012 U.S. Dist. LEXIS 15104, *14 n.2 (Feb. 7, 2012) (Glasser) (applying the pre-amendment version of the ADA because all relevant conduct occurred prior to the amendment's effective date); *McDonald v. City of New York*, 786 F. Supp. 2d 588, 593 n.2 (E.D.N.Y. 2011) (Matsumoto) (applying the version of the ADA in effect during the relevant time period because there is "no indication that Congress intended" the ADA Amendments of 2008 to apply retroactively).

A plaintiff proceeding under a "regarded as" claim must "show not only that the defendants 'regarded him as somehow disabled,' but that they 'regarded him as disabled within the meaning of the ADA.'" *Giordano v. City of New York*, 274 F.3d 740, 748 (2d Cir. 2001) (quoting *Colwell v. Suffolk Cty Police Dept.*, 158 F.3d 635, 646 (2d Cir. 1998)). Accordingly, to establish a "regarded as" claim under 42 U.S.C. § 12102(1) (c), "plaintiff must establish that the defendants perceived him as substantially limited in his ability to perform the major life activities of walking, standing,

---

[2]The ADA Amendments Act of 2008, which became effective January 1, 2009 included a section that overruled *Sutton v. United Air Lines, Inc.*, 527 U.S. 47, 4891 (1999), under which "regarded as" claimants were required to show that their employers believed them to be impaired in a major life activity or unable to work in a broad class of jobs.

sitting, lifting, bending, and/or working." *McDonald,* 786 F. Supp. 2d at 611-12*; see Giordano*, 274 F.3d at 748; *see also Colwell,* 158 F.3d at 647 ("To prove that they were regarded as substantially limited in their ability to work, [plaintiffs] bore the burden of proving that the [employer] perceived them to be incapable of working in a broad range of jobs suitable for persons of their age, experience, and training.") (internal quotations, alterations, and citation omitted).

## V. Discussion

Here, it is not disputed that alcoholism has been recognized as a disability within the meaning of the ADA. *See generally Brennan v. City of New York*, 1997 WL 811543, *4 (S.D.N.Y. May 27, 1997) (collecting cases), *aff'd.* 141 F.2d 1151 (2d Cir. 1998). Plaintiff failed, however, to submit competent summary judgment evidence to establish that defendant perceived him as substantially limited in his ability to perform major life activities. Plaintiff alleges that Deputy Chief Hall stated that plaintiff suffered from alcoholism and that he would "ruin him." These statements are insufficient to conclude that plaintiff was regarded as substantially limited in his ability to perform major life activities. *C.f. McDonald*, 786 F. Supp. 2d at 612 (finding a letter from a doctor associated with defendants that stated plaintiff was "medically not fit to perform his duties" supported the notion that defendants did not perceive plaintiff as substantially limited in a major life activity but rather viewed plaintiff as limited in the specific activity of performing the particularized duties of his former job). Deputy Chief Hall's alleged statement merely suggests that he perceived plaintiff suffered from alcoholism but falls far short from tending to establish that he perceived plaintiff to be substantially limited in a major life activity.

Moreover, plaintiff alleges he was transferred out of a prestigious assignment due to being regarded as disabled. However, reassignment to another job function does not indicate defendants

regarded plaintiff as substantially limited in his ability to perform major life activities. *See Colwell*, 158 F.3d at 647 ("[a]ssignment to light duty status . . . does not support the inference that [employer] regarded [plaintiffs] as disabled"). The Court therefore finds that there is no evidence to show that defendant regarded plaintiff as substantially limited in his major life activities due to a disability.

Accordingly, there is no genuine issue of material fact with respect to whether defendant regarded plaintiff as suffering from a disability which substantially limits a major life activity. Therefore, defendants' partial motion for summary judgment with respect to plaintiff's ADA "regarded as" claim, under the law that the Court must apply, will be granted.

## VI. Conclusion

The City of New York's motion for partial summary judgment [Rec. Doc. 69] is GRANTED. Plaintiff's ADA "regarded as" claim is DISMISSED with prejudice. Plaintiff's ADA claims remaining for trial are ADA association and retaliation claims.

**SO ORDERED.**

                                                            Tucker L. Melançon
                                                            United States District Judge

March 6, 2012
Brooklyn, NY